IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTIS CLEONCE MATTHEWS, #229666, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 2:22-cv-00496-RAH |
| KAREN CARTER, *et al.*, | ) ) | |
| Respondents. | ) | |
| | | |
| ARTIS CLEONCE MATTHEWS, #229666, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 2:22-cv-00720-RAH |
| KAREN CARTER, *et al.*, | ) ) | |
| Respondents. | ) | |

## **MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Artis Cleonce Matthews, an inmate proceeding pro se, filed two Petitions for Writ of Habeas Corpus Under 28 U.S.C. § 2254.[1] Thereafter, Respondents filed an Answer, claiming that Matthews' claims are unexhausted and time-barred. (Doc. 9 at 1–2.)[2] On September 13, 2022, the Court ordered Matthews to show cause why

---

[1] These actions were consolidated on January 9, 2023.

[2] The cited document entries throughout are from Case No. 2:22-cv-00496-RAH.

his Petitions should not be dismissed. (Doc. 10 at 3.) On December 2, 2022, Matthews filed his response. (Doc. 15.) Upon consideration of the parties' filings, and for the reasons below, Matthews' § 2254 Petitions will be denied without an evidentiary hearing as time-barred and unexhausted[3] and therefore will be dismissed with prejudice.

## II.   BACKGROUND

In 2016, Matthews was charged with two counts of attempted murder under Ala. Code § 13A-4-2 and §13A-6-2. (Doc. 9-6 at 6.) On October 18, 2016, Matthews was found guilty as charged. (*Id.*) The trial court sentenced Matthews, as a habitual felony offender, to two consecutive life sentences on March 20, 2017. (*Id.* at 6–7.) Matthews appealed to the Alabama Court of Criminal Appeals ("ACCA"). (Doc. 9-5 at 1.) On December 8, 2017, the ACCA affirmed Matthews' convictions and sentences. (Doc. 9-7.) Matthews applied for rehearing, (doc. 9-8), which the ACCA overruled, (doc. 9-9). Matthews subsequently petitioned the Alabama Supreme Court ("ASC"), (doc. 9-11 at 4–5), which denied his petition and issued a certificate of judgment on February 16, 2018. This concluded Matthews' direct appeal proceedings. (Doc. 9-12.) Matthews did not seek certiorari review in the United States Supreme Court.

On February 7, 2019, Matthews filed a pro se Rule 32 postconviction petition in the Circuit Court of Montgomery County, Alabama. (Doc. 17-1.) This petition subsequently was dismissed because Matthews failed to pay his filing fee. (Doc. 17-5.) Then, on May 14, 2019, Matthews filed another pro se Rule 32 postconviction petition. (Doc. 9-13 at 7–14.) The trial court summarily dismissed this petition on July 25, 2019, finding that Matthews was not entitled to relief because he failed to state a claim pursuant to Rules 32.2(b) and 32.6(b) of the Alabama Rules of Criminal

---

[3] Since exhaustion and the statute of limitations are dispositive, the Respondents' other arguments for dismissal will not be discussed.

Procedure. (*Id.* at 25.) Matthews appealed the dismissal to the ACCA. (Doc. 9-15.) On October 8, 2021, the ACCA dismissed Matthews' appeal. (Doc. 9-18 at 1, 9.)

Matthews then petitioned the ASC for a writ of certiorari. (Doc. 9-21.) On March 4, 2022, the ASC denied the petition and entered a certificate of judgment. (Doc. 9-22; Doc. 9-23.)

Matthews filed the instant Petitions in this Court on August 17, 2022 (Case No. 2:22-cv-00496), and December 29, 2022 (2:22-cv-00720), respectively.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.   Computation of Timeliness

The convictions that Matthews challenges in his § 2254 Petitions became final on February 16, 2018, the date on which the ASC dismissed his petition on direct appeal and entered a certificate of judgment in his proceedings. (Doc. 9-12.) Thus, the limitation period governing Matthews' habeas petitions began on May 19, 2018—ninety days after the judgment—meaning he had until May 19, 2019, to file a timely § 2254 petition. 28 U.S.C. § 2244(d)(1)(A). Matthews however did not file his § 2254 Petitions until August 17, 2022, and December 29, 2022, respectively—over three years later. As such, his Petitions are time-barred unless the time period is statutorily or equitably tolled.

### B.   Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency of a properly filed state court petition. *See id.*

The ACCA affirmed Matthews' convictions on December 8, 2017 and the ASC court issued a certificate of judgment on February 16, 2018. (Doc. 9-10; Doc. 9-12.) Thus, Matthews had until February 19, 2019, to file his Rule 32 petition. *See* Ala. R. Cr. P. 32.2(c)(1).

The record shows that Matthews attempted to file a Rule 32 petition twice. The first was on February 7, 2019, before the expiration of the § 2244(d)(1) limitation period. (Doc. 17-1.) But that filing could only toll the limitation period under § 2244(d)(2) if it was "properly filed" for purposes of the statute.

While Matthews filed his first Rule 32 postconviction petition on February 7, 2019, the petition was dismissed because Matthews failed to pay the filing fee after the state court denied his motion to proceed *in forma pauperis*. (Doc. 17-3; Doc.

4

17-5.) Therefore, Matthews' first Rule 32 petition was not "properly filed," so it did not give rise to any tolling under § 2244(d)(2). *Smith v. Ala. Dep't of Corrs.*, 703 F.3d 1266, 1270 (11th Cir. 2012) (stating that pursuant to Ala. R. Crim. P 32.6(a) a Rule 32 petition is not filed until the filing fee is paid or application to proceed *in forma pauperis* is granted); *see generally Sibley v. Culliver*, 377 F.3d 1196 (11th Cir. 2004) (holding that a Rule 32 petition was not "properly filed" when the petitioner failed to submit a filing fee or a petition to proceed *in forma pauperis*).

Matthews filed his second Rule 32 petition on May 14, 2019. (Doc. 9-13 at 7–14.) But this petition was not timely filed under Rule 32.2(c) of the Alabama Rules of Criminal Procedure because the petition was not filed within the limitation period. Therefore, it too was not properly filed.

Matthews also does not adequately set forth other allegations or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D). That is, he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition; that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or that the facts supporting his claims could not have been discovered earlier by exercising due diligence. Thus, Matthews is not entitled to statutory tolling.

### C. Equitable Tolling

AEDPA's limitation period may be equitably tolled on grounds other than those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (citations omitted). That said, "equitable tolling is an extraordinary remedy . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotation marks and citation omitted). The United States Supreme Court has held that a petitioner

5

may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted).

Matthews has failed to provide a sufficient factual basis to invoke equitable tolling. Indeed, his filings do not demonstrate that he pursued his rights diligently or that an extraordinary circumstance prevented him from timely filing his § 2554 Petitions. Thus, based on the record before the Court, Matthews is not entitled to equitable tolling.

### C.  Exhaustion

But even if Matthews' Petitions were timely filed, they still are due to be dismissed because his claims are not exhausted. In his 2:22-cv-00496 Petition, Matthews claims that the trial court committed error by failing to make findings of fact as required by due process of law and Rule 32.9(d) of the Alabama Rules of Criminal Procedure; that he was provided ineffective assistance of counsel; and that the trial court retained jurisdiction over his motion for reconsideration and amended motion for reconsideration because they are functionally equivalent to motions for new trial. (Doc. 1 at 3–12.) In his 2:22-cv-00720 Petition, Matthews claims that trial counsel and appellate counsel provided ineffective assistance of counsel; that the complaint, warrant, and arresting officers' affidavit were invalid; that the trial court lacked subject matter jurisdiction; and that the sentence imposed exceeded the maximum allowed by law. (Doc. 1 at 5–10.) On September 12, 2022, Respondents filed an Answer asserting that both Petitions contain claims that have not been

exhausted in state court. (Doc. 9 at 12.) Specifically, Matthews did not present his claims to the state court in a Rule 32 petition.

A longstanding prerequisite to filing a federal habeas corpus petition is that the petitioner must exhaust his state court remedies, 28 U.S.C. § 2254(b)(1), and give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404. U.S. at 275 (citations omitted). To exhaust, "prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The United States Supreme Court has dubbed federal habeas petitions that assert both exhausted and unexhausted claims as "mixed petitions." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Mixed petitions should be dismissed without prejudice to allow petitioners to pursue total exhaustion of state court remedies before bringing a federal habeas action. *Id*. at 520; *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Rose*, 455 U.S. at 519–20). Alternatively, a petitioner may amend his habeas petition "to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." *Rose*, 455 U.S. at 520; *see also Burton v. Stewart*, 549 U.S. 147, 153–54 (2007) (citing *Rose* and stating that a prisoner may withdraw a mixed petition to exhaust remaining claims before returning to district court or may withdraw unexhausted claims).

A review of the records shows that Matthews has not exhausted these claims because he never made them at the state level. Accordingly, because the Petitions contain claims that have could been exhausted in state court and the deadline for

7

exhausting those claims has expired, the Petitions will be denied without an evidentiary hearing, and these cases will be dismissed with prejudice.

## IV.   CONCLUSION

Accordingly, for the reasons above, it is ORDERED that the Petitions for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (doc. 1 (2:22-cv-00496-RAH); doc. 1 (2:22-cv-00720-RAH)) are **DENIED** without an evidentiary hearing and these cases are **DISMISSED WITH PREJUDICE**.

Furthermore, a certificate of appealability will not be issued. For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.*

Because reasonable jurists would not find the denial of Petitioner's § 2254 petition debatable, a certificate of appealability is DENIED.

DONE, on this the 18th day of August 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE